UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN A. PARKER,

Plaintiff,

v.

JEFF LYNCH,

Defendant.

No. 2:23-cv-00536 DB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendant was deliberately indifferent to a risk to plaintiff's safety. Presently before the court is plaintiff's request to proceed in forma pauperis (ECF No. 2) and his complaint for screening (ECF No. 1).

For the reasons set forth below, the undersigned will recommend that this action be dismissed as duplicative and that the request to proceed in forma pauperis be denied as moot.

////

////

////

////

////

////

////

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

////

////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## I. Allegations in the Complaint

Plaintiff states that, at all relevant times, he was an inmate at California State Prison, Sacramento ("SAC"). (ECF No. 1 at 1.) He names Warden Jeff Lynch as the sole defendant in this action. (Id. at 2.)

Plaintiff claims that defendant Lynch was deliberately indifferent as he failed to respond to plaintiff's letters and inmate appeals which sought to inform defendant Lynch that there existed a risk to his health and safety. (Id. at 3-4.) Plaintiff believes that another inmate was paid to kill plaintiff. (Id. at 3.) He alleges that it was correctional officers that placed a bounty on his head and paid the inmate to attack him. (Id.) As a result of defendant ignoring plaintiff's attempts to

contact him, plaintiff was "stabbed countless times" and placed in administrative segregation. (Id.)

**II. Failure to State a Claim**

Examination of the complaint and review of the Court's docket reveals that the pleading filed in this action contains allegations, nearly identical to, and therefore duplicative of, a previous complaint filed on January 26, 2023, in Parker v. Lynch, 2:23-cv-02015-KJN (E.D. Cal.).[1]

"A complaint 'that merely repeats pending or previously litigated claims'" is subject to dismissal under 28 U.S.C. § 1915(e). Cato v. United States, 70 F.3d 1103, 1105 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)). "[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e). See Bailey, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" Adams v. California Dep't of Health Servs., 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

To determine whether a claim is duplicative, courts use the test for claim preclusion. Adams, 487 F.3d at 688. "Thus, in assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. at 689 (citations omitted). "Plaintiff's generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Id. at 688 (internal quotation marks and citations omitted).

////

[1] Magistrate Judge Kendall Newman later had Parker v. Lynch, 2:23-cv-02015-KJN (E.D. Cal.)severed into two separate actions. (See ECF No. 20.) Plaintiff's claims regarding sexual assault he suffered were moved to a separate action. Plaintiff's claims against defendant Lynch for failure to act in connection with his attack by inmate Puckett remain in Parker v. Lynch, 2:23-cv-02015-KJN (E.D. Cal.). (See ECF No. 24 at 5.)

In both this action and Parker v. Lynch, 2:23-cv-02015-KJN (E.D. Cal.), plaintiff alleges that defendant Lynch failed to act in response to a threat of assault from inmate Puckett. Both complaints also detail the same factual allegations that a "hit" was placed on plaintiff and that defendant Lynch was deliberately indifferent to that danger. Thus, the court finds that this action is duplicative of Parker v. Lynch, 2:23-cv-02015-KJN (E.D. Cal.) as it states the same allegations against the same defendant.[2] Accordingly, the complaint should be dismissed.

**LEAVE TO AMEND**

For the reasons stated above, the complaint should be dismissed. The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Here, given the defects noted above, the undersigned finds that granting leave to amend would be futile.

**IN FORMA PAUPERIS**

As stated above, plaintiff filed a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 along with the complaint. (ECF No. 2.) However, because the court recommends dismissal of this action without leave to amend, the court further recommends that plaintiff's request to proceed in forma pauperis be denied as moot.

////

////

////

////

////

---

[2] The court in Parker v. Lynch, 2:23-cv-02015-KJN (E.D. Cal.) recently identified these same claims and screened them. Parker v. Lynch, 2:23-cv-02015-KJN, 2023 WL 2667077 (E.D. Cal. Mar. 28, 2023).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to proceed in forma pauperis (ECF No. 2) is denied as moot; and

2. The Clerk of the Court is directed to randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed as duplicative of a claim raised in a prior action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty (20) days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 3, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/park0536.scrn.fr_dism