UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN A. PARKER,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFF LYNCH,<br><br>    Defendant. | No. 2:23-cv-00536-DAD-DB (PC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS DISMISSING THIS ACTION AS DUPLICATIVE<br><br>(Doc. No. 5) |

Plaintiff Melvin A. Parker is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 4, 2023, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's complaint filed in *Parker v. Lynch*, 2:23-cv-00536-DAD-DB (E.D. Cal.) ("*Parker II*"), which encompassed a single Eighth Amendment claim brought against defendant Lynch, be dismissed as duplicative of the same claim asserted against defendant Lynch in *Parker v. Lynch*, 2:22-cv-02015-KJN (E.D. Cal.)[1] ("*Parker I*"). (Doc. No. 5 at 4–5.) Because the magistrate judge recommended dismissal of this action without leave to amend, the magistrate judge further recommended that plaintiff's request to proceed *in forma pauperis* be denied as moot. (*Id.* at 5.) The pending findings and recommendations were served on plaintiff and

---

[1] *Parker v. Lynch*, 2:22-cv-02015-KJN (E.D. Cal.) is now cited as *Parker v. N. West*, 2:22-cv-02015-KJN (E.D. Cal.).

1

1   contained notice that any objections thereto were to be filed within twenty (20) days after service.
2   (*Id.* at 6.)  Plaintiff filed timely objections on April 17, 2023.  (Doc. No. 7.)

3         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
4   *de novo* review of the case.  Having carefully reviewed the entire file, the court declines to adopt
5   the recommendation that plaintiff's complaint be dismissed as duplicative.

6         In *Parker I*, on March 28, 2023, the court dismissed plaintiff's Eighth Amendment claim
7   against defendant Lynch with leave to amend.  *Parker I*, Order, Doc. No. 24 (E.D. Cal. Mar. 28,
8   2023).[2]  However, on March 31, 2023, in *Parker I*, plaintiff signed a "Notice of Election"
9   (hereinafter, the "Notice"), in which he consented to the dismissal of defendant Lynch from the
10  action without prejudice.  *Parker I*, Notice of Election, Doc. No. 26 at 1 (E.D. Cal. Apr. 12,
11  2023).  The pending findings and recommendations, issued on April 4, 2023, did not take into
12  account the Notice because it was not filed on the docket until April 12, 2023.  *See id.*

13        Because plaintiff consented to dismissing his Eighth Amendment claim brought against
14  defendant Lynch without prejudice in *Parker I*, the same claim asserted against defendant Lynch
15  in this action is no longer duplicative of any pending claim.

16        Accordingly,

17      1.    The undersigned declines to adopt the April 4, 2023 findings and
18            recommendations (Doc. No. 5); and

19      2.    The matter is referred back to the assigned magistrate judge for further
20            proceedings consistent with this order, including consideration of plaintiff's
21            motion to proceed *in forma pauperis* (Doc. No. 2).

22      IT IS SO ORDERED.

23  Dated:   **January 17, 2024**                   /s/ Dale A. Drozd
24                                                      DALE A. DROZD
25                                                      UNITED STATES DISTRICT JUDGE

---

[2] On March 16, 2023, the court in *Parker I* had the case severed into two separate actions. *Parker I*, Order, Doc. No. 20 (E.D. Cal. Mar. 16, 2023).  Plaintiff's claims regarding the sexual assault he allegedly suffered were moved to a separate action, but plaintiff's Eighth Amendment claim against defendant Lynch for failure to act in connection with plaintiff's attack by inmate Puckett was not.  *See Parker I*, Order, Doc. No. 24 (E.D. Cal. Mar. 28, 2023).