UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN PARKER,

Plaintiff,

v.

JEFF LYNCH,

Defendant.

No. 2:23-cv-0536 DAD DB P

ORDER

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983. Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauris, finds plaintiff states no plausible claims for relief, and dismisses the complaint with leave to amend.

**BACKGROUND**

Plaintiff filed this action in March 2023 against one defendant, Warden Jeff Lynch. (ECF No. 1.) On screening, this court found plaintiff alleged claims that were substantially similar to claims plaintiff was attempting to raise in a prior case he filed in this court. (ECF No. 5.) This court recommended this action be dismissed as duplicative. After issuance of those findings and recommendations, plaintiff dismissed his potential claims against Lynch from the prior case.

////

Based on this change in the prior case, Judge Drozd declined to adopt the findings and recommendations and referred this case back to the undersigned magistrate judge.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. §1915(b)(2).

**SCREENING**

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. §1983. 28 U.S.C. §1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

////

////

////

**I. Plaintiff's Allegations**

Plaintiff is incarcerated at Kern Valley State Prison. He challenges conduct by Warden Jeff Lynch when he was incarcerated at California State Prison, Sacramento. Plaintiff alleges the following:

Plaintiff was attacked by inmate Puckett in 2019. A correctional officer paid the inmate to attack plaintiff. Plaintiff then filed a grievance in which he asked defendant Lynch to transfer plaintiff because his safety was at risk. In August 2022, officers carried out "their bounty placed on [plaintiff's] life" and "retaliate[d]" against plaintiff by assaulting him. After the assault, officers "illegally" placed plaintiff in administrative segregation for 190 days.

**II. Does Plaintiff state a Potentially Cognizable Claim?**

Plaintiff appears to be attempting to allege one claim – that defendant Lynch failed to protect him from the 2022 attack when Lynch did not transfer plaintiff to a different prison after the 2019 attack.

Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) and Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, a prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." Labatad, 714 F.3d at 1160 (citing Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)).

A failure to protect claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate... safety." Farmer, 511 U.S. at 837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842 (citations omitted). The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner. Id. at 832-33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

As "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297 (internal quotations marks, emphasis, and citations omitted).

Therefore, to state a claim for a violation of the Eighth Amendment, plaintiff must allege facts showing that Lynch knew plaintiff's safety was at risk after plaintiff was attacked by inmate Puckett. More specifically, plaintiff must allege facts showing Lynch knew plaintiff was at risk of being attacked by correctional officers almost three years after the 2019 attack by inmate Puckett. Plaintiff fails to explain just what he told Lynch after the 2019 attack, just what Lynch did in response, and how Lynch would have known at the time plaintiff filed the grievance that plaintiff was at risk of attack almost three years later by officers who were apparently uninvolved in the 2019 attack by inmate Puckett. Plaintiff fails to state a plausible Eighth Amendment claim for relief under section 1983.

**CONCLUSION**

Above, this court finds plaintiff fails to state any claims for relief. Plaintiff will be given an opportunity to amend the complaint.

In an amended complaint, plaintiff must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits or other filings to determine what plaintiff's charging allegations are as to each named defendant. Plaintiff must include all claims he wishes to pursue in one amended complaint.

Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

Plaintiff may not bring claims against different defendants that are not related to each other. Fed. R. Civ. P. 20(a)(2). "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). Simply alleging a "conspiracy" does not transform unrelated claims into related claims.

The federal rules require a simple description of a party's claims. Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

////

      4. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: February 22, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Civil Rights/S/park0536.scrn LTA